UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVID PEARSON,

        Petitioner,

v.                                          Case No. 5:20-cv-283-J-34PRL

WARDEN, FCC COLEMAN - MEDIUM,

        Respondent.
_____

## ORDER DISMISSING CASE

Petitioner David Pearson, an inmate of the Federal penal system, initiated this action on June 19, 2020,[1] by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Petition; Doc. 1). The Petition is before the Court for preliminary review pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (also applicable to petitions brought under 28 U.S.C. § 2241). Rule 4 requires the Court to "promptly examine" a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." For the reasons discussed below, the Petition is due to be dismissed because the Court lacks subject matter jurisdiction.

## Background

Pearson is a federal inmate currently incarcerated at Coleman Medium Federal Correctional Institution within this district and division. In 2014, Pearson plead guilty to

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

one count of possession of a firearm by a convicted felon. Petition at 11.[2] The United States District Court for the Southern District of Florida sentenced Pearson to a term of incarceration of 180 months in prison. Id. Pearson did not appeal. Id. at 2.

On April 15, 2016, Pearson filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 that alleged his counsel was ineffective for failing to: (1) challenge the legality of the traffic stop; (2) file a motion to suppress; (3) object to the use of his prior convictions to enhance his sentence; and (4) file a notice of appeal. Petition at 4. On February 1, 2018, the district court denied the § 2255 motion. Id.

In the instant Petition, Pearson argues that that his Fifth and Sixth Amendment rights were violated because he was indicted, convicted, and sentenced for a crime not properly charged. Petition at 12-14. Relying on Rehaif v. United States, 139 S.Ct. 2191 (2019), Pearson argues that the indictment against him was insufficient because it did not include the term "knowingly" as to each element of his offense.

## Discussion

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under 28 U.S.C. § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). The claim raised in the instant Petition does not address the execution of Pearson's sentence, but its legality, as he contends that he was unconstitutionally convicted and sentenced. Therefore, § 2255, not § 2241, is the

---

[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

2

appropriate statutory vehicle for Pearson's claim. Because Pearson has already filed and prosecuted a § 2255 motion attacking his conviction, which was denied on the merits, before pursuing the instant § 2255 motion to vacate, he must obtain authorization from the United States Court of Appeals for the Eleventh Circuit to file a second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). Pearson did not do this, and the Court cannot review his claims under § 2255 without such authorization. See, e.g., Benitez v. Warden, FCI Miami, 564 F. App'x 497, 499 (11th Cir. 2014) (affirming dismissal of § 2241 petition alleging an illegal indictment).

Analyzing the Petition under § 2255(e), the "savings clause," which permits a federal prisoner to file a petition pursuant to § 2241 if a § 2255 motion "is inadequate or ineffective to test the legality of his detention," the Court finds that it is without jurisdiction to review the merits of his claims. 28 U.S.C. § 2255(e). The savings clause imposes a subject matter jurisdictional limit on petitions filed pursuant to § 2241. Williams v. Warden, 713 F.3d 1332, 1338 (11th Cir. 2013). In explaining the meaning of the phrase "inadequate or ineffective," the Eleventh Circuit has explained that a motion under § 2255 "is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." McCarthan v. Dir. Of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1099 (11th Cir. 2017). Here, Pearson's claim concerning the indictment was capable of adjudication in his § 2255 proceedings. See Benitez, 564 F. App'x at 499. The Court notes that Rehaif did not announce a new rule of constitutional law such that it would apply retroactively on collateral review. See In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) (denying application to file successive 2255 raising Rehaif claims because Rehaif did not announce a new rule of constitutional law and the

3

decision is not retroactive in collateral proceedings). Despite the ruling In Re Palacios, the savings clause does not apply. See In re Wright, 942 F.3d 1063, 1065-66 (11th Cir. 2019) (Rosenbaum, J., concurring) ("And in this Circuit, Wright's [Rehaif] claim is not cognizable under 28 U.S.C. § 2255(e), either, because in McCarthan[,] by which we are bound, we held that a prisoner may file a second or successive claim for habeas relief, challenging his conviction through that subsection only when the sentencing court is unavailable.") (footnote omitted); McCarthan, 851 F.3d at 1086 ("That a court might reject a prisoner's argument does not render his "remedy by motion" an inadequate "means by which" to challenge the legality of his sentence."). Accordingly, the Petition is due to be dismissed for lack of jurisdiction.

**ORDERED:**

1. Pearson's Petition (Doc. 1) is **DISMISSED for lack of jurisdiction** and this case is **DISMISSED with prejudice**.

2. The **Clerk** shall enter judgment dismissing this case with prejudice, close this case, and terminate any pending motions.

**DONE AND ORDERED** in chambers, this 26th day of June, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax - 8
c:
David Pearson #05169-104